IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ERIC D. FREED, an individual, and FREED & WEISS LLC, an Illinois limited liability company, | )<br>)<br>) Case No. 12cv1477 |
| Plaintiffs, | ) Honorable Judge Gary Feinerman |
| v. | ) **PLAINTIFFS DEMAND**<br>) **TRIAL BY JURY** |
| JPMORGAN CHASE BANK, N.A., a national banking association, | )<br>) |
| Defendant. | ) |

## FIRST AMENDED COMPLAINT

Plaintiffs, Eric D. Freed and Freed & Weiss LLC, by and through their undersigned attorneys, complain against Defendant, JPMorgan Chase Bank, N.A., as follows:

### I. PARTIES AND OTHERS

### PARTIES

1. Plaintiff, Eric D. Freed ("Freed"), is a citizen of the State of Florida and is a lawyer licensed to practice law in the States of Illinois and California.

2. Plaintiff, Freed & Weiss LLC (the "LLC"), is a limited liability company organized and existing under the laws of the State of Illinois and is engaged in the practice of law. Freed is a "member" and "manager" of the LLC who, at all relevant times, was, and is, entitled to at least 53% of the profits of the LLC.

3. Defendant, JPMorgan Chase Bank, N.A. ("Chase Bank"), is a federally chartered bank with its principal place of business located in Columbus, Ohio.

**OTHERS**

4. Paul M. Weiss ("Weiss") is a citizen of the State of Illinois. Weiss is currently licensed to practice law in the State of Illinois. Weiss, until he voluntarily terminated from the LLC, was a member and manager of the LLC and was entitled to 47% of the LLC's profits.

5. Jamie E. Saltzman Weiss ("Saltzman") is a citizen of the State of Illinois. Saltzman is licensed to practice law in the State of Illinois. Saltzman is married to Weiss and is an employee of the LLC.

## II. JURISDICTION AND VENUE

6. Subject matter jurisdiction lies within this Court pursuant to 28 U.S.C. Section 1332, in that Plaintiffs are citizens of different states than Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue lies within this Court pursuant to 28 U.S.C. Section 1391(a)(2) in that a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred in this District, and that the property that is the subject of the action is situated in this District.

## III. ALLEGATIONS COMMON TO ALL COUNTS

8. As early as 2008, Weiss and Saltzman devised and agreed on a fraudulent scheme to wrongfully eliminate Freed from the LLC. Once put in motion, this fraudulent scheme would allow Weiss, Saltzman, and perhaps others, to take over the business and finances, move the LLC's bank accounts from Bank of America -- where they were officially maintained -- to another bank -- where Freed would have no signatory authority, and freeze Freed out of the LLC's operations, by preventing Freed from accessing the LLC's premises and computer system.

9. In order to prepare to execute their fraudulent scheme, on or about December 4, 2008, Weiss, assisted by Chase Bank, opened a new bank account *4054 ("Account 4054") for

the LLC, by falsely representing on a "Business Depository Resolution" that he was the only "member" and "manager" of the LLC -- a representation that was patently false. (A true and correct copy of the "Business Depository Resolution" for Account 4054, dated December 4, 2008, is attached hereto as Exhibit "A" and made a part hereof.) Indeed, it is indisputable that on December 4, 2008, the LLC had two "members" and "managers" – Freed and Weiss.

10. On the same date, Saltzman and Weiss executed a "Signature Card" for Account 4054, whereby Saltzman and Weiss represented and warranted that they were "authorized to transact business and…all necessary action or formalities, where necessary have been taken to authorize [Saltzman and Weiss] to act." Said representations and warranties were false, as Saltzman and Weiss failed to follow the necessary formalities and obtain Freed's consent to the same. (A true and correct copy of the "Signature Card" dated December 4, 2008, is attached hereto as Exhibit "B" and made a part hereof.)

11. Chase Bank, upon information and belief, failed to diligently inquire into the veracity of the statements referenced in Paragraph 10 above. Only the simplest inquiries would have revealed the falsity of said statements.

12. A "Certificate of Limited Liability Company," executed by Freed and Weiss on October 15, 2000, on behalf of Freed & Weiss LLC with Bank of America ("Certificate of LLC"), expressly withholds from Weiss authority to disburse funds on behalf of Freed & Weiss LLC in two separate sections – wire dispersal and check writing. (A true and correct copy of the "Certificate of Limited Liability Company" is attached hereto as Exhibit "C" and made a part hereof.)

13. Furthermore, pursuant to Section 2, Paragraph 6 of the "Certificate of LLC," Freed's signature is required to add or delete authorized individuals designated to sign checks, drafts, orders or authorizations on behalf of the LLC.

14. Without Freed's signature, neither Weiss nor Saltzman had authority to execute the Signature Card for Account 4054.

15. Additionally, on the Signature Card for Account 4054, Saltzman and Weiss falsely represented that Saltzman was the "managing member" of the LLC.

16. On or about October 28, 2009, Weiss again represented to Chase Bank that he was the only "member" and "manager" of the LLC – a representation that again was patently false – when he opened account number *5990 ("Account 5990"). (A true and correct copy of the "Business Depository Resolution" for Account 5990, dated October 28, 2009, is attached hereto as Exhibit "D" and made a part hereof.) It is indisputable that on October 28, 2009, the LLC had two "members" and "managers" – Freed and Weiss.

17. On the same day, Weiss executed a "Signature Card" giving himself signature authority for Account 5990. (A true and correct copy of the "Signature Card" for Account 5990, dated October 28, 2009, is attached hereto as Exhibit E" and made a part hereof.) Once again, without Freed's signature, Weiss lacked requisite authority to grant himself signature authority on Account 5990.

18. Again, on information and belief, Chase Bank failed to undertake any due diligence to ascertain the veracity of the statements referenced in Paragraph 17 above. Indeed, the simplest of investigations would have revealed the falsity of said statements.

19. On or about September 13, 2010, Weiss and Saltzman executed a second "Signature Card" for Account 5990, whereby Weiss granted Saltzman signature authority on

4

Account 5990. (A true and correct copy of the "Signature Card" for Account 5990, dated September 13, 2010, is attached hereto as Exhibit "F" and made a part hereof.) This second "Signature Card" was also executed without the necessary authority, as, once again, Freed's signature was not obtained.

20. Yet again, Chase Bank failed to undertake, on information and belief, any due diligence to ascertain the veracity of these statements. Indeed, the simplest of investigations would have revealed their falsity.

21. On said "Signature Card," Weiss and Saltzman also falsely represented Saltzman's position with Freed & Weiss LLC, this time designating Saltzman's title as "Manager Managed," implying that she was a "manager" of the member-managed LLC.

22. Chase Bank assisted Saltzman and Weiss in opening these bank accounts at Chase Bank, account numbers *4054 and *5990, and, upon information and belief, without conducting any due diligence whatsoever – but, regardless, manifestly inadequate due diligence – therefore egregiously violating and recklessly disregarding the "know your customer rule." A simple review of the Partnership Agreement for Freed & Weiss LLC, and/or the filings that were made by Freed & Weiss LLC with the Illinois Secretary of State, that were publicly available online at that time, would have shown the falsity of the representations made by Saltzman and Weiss. (A true and correct copy of the Partnership Agreement is attached hereto as Exhibit "G" and made a part hereof.)

23. On or about March 22, 2011, trying to capitalize on a simple withdrawal by Freed of a fraction of the monies that Freed had loaned to the LLC, and having contorted the same into a claimed "voluntary withdrawal" of Freed from the LLC, Weiss, in furtherance of the fraudulent scheme, wrongfully acted to freeze Freed out of the LLC by, among other things, denying him

access to: 1) the LLC's premises; 2) computer system, client files, records, case materials, and emails; 3) the LLC's bank accounts; and 4) any of the profits of the LLC. Weiss took these steps to convert all of the assets of the LLC for the benefit of himself and his wife, Saltzman, as well as other Co-Conspirators.

24. As previously planned, on or about March 28, 2011, Weiss moved virtually all of the LLC's funds from its official Bank of America account to the Chase Bank accounts that Weiss and Saltzman had, with Chase Bank's assistance, fraudulently opened beginning in December 2008.

25. After having been advised by counsel as to how to respond, Freed, by correspondence dated November 28, 2011, demanded that Chase Bank (as well as Bank of America) freeze all accounts holding the LLC's funds, and specifically advised Chase Bank as follows, in pertinent part:

> My name is Eric D. Freed and I am the majority holding member, (53% pursuant to paragraph 7 of the Partnership Agreement, see attachment 1 below) of the legal entity Freed & Weiss, LLC.
>
> With this letter, I inform you of the following facts; and:
>
> Hereby Direct your bank(s) to FREEZE IMMEDIATELY any and all monies held in any account(s) with your bank on behalf of Freed & Weiss, LLC. Specifically, among those Freed & Weiss, LLC accounts in your control, Chase Bank is Directed to FREEZE Freed & Weiss, LLC account number *4054 with ABA routing number *13.
>
> I attach hereto in support of this Demand Letter, and for your knowledge of the legal obligations and constraints under which Paul M. Weiss must legally operate Freed & Weiss LLC, pursuant to the laws of the State of Illinois;
>
> ...
>
> The Certificate of Limited Liability Company conclusively affirms that Paul Weiss DOES NOT HAVE AUTHORITY TO DISBURSE funds on behalf of Freed & Weiss, LLC.

(A true and correct copy of Freed's correspondence to Chase Bank dated November 28, 2011, is attached hereto as Exhibit "H" and made a part hereof.)

26. Rather than freezing the Chase Bank accounts as directed by Freed, Rebecca Gray ("Gray"), a Private Client Banker of Chase Bank, with full knowledge of the correspondence dated November 28, 2011, telephoned Weiss and Saltzman, told them of Freed's correspondence, informed them that the funds would likely be frozen, and aided and abetted Weiss and Saltzman in the the removal of the LLC's funds from Chase Bank. Weiss, acting on Gray's advice and direction, immediately obtained a cashier's check for $750,000 from Chase Bank and moved the LLC's funds to another financial institution to which Freed had no access. (A true and correct copy of the Cashier's Check in the amount of $750,000 is attached hereto as Exhibit "I" and made a part hereof.)

27. The same Chase Bank officer, Gray, then e-mailed Weiss on December 13, 2011, offering to help him move additional funds out of the Chase Bank accounts, which were to arrive later, to another account to which Freed had no access. In that e-mail, Gray wrote as follows:

> All of your online bill payments from 12/2 originally got rejected but then got paid on 12/5. We were able to place a stop payment per your request on the 20k to Tucker. You should receive the funds back in the account in 2-5 days. *I will help you withdraw that once it comes in.* The online bill pay dept was not able to see your other Tucker bill that should have went out. I will keep an eye out for when the money comes back to the account through Friday, but if it is not there by then, I will have to let my customer service know seeing as I am taking the next week off.

(A true and correct copy of the referenced e-mail dated December 13, 2011, is attached hereto as Exhibit "J" and made a part hereof, emphasis added.)

28. On December 5, 2011, Freed and Freed & Weiss LLC commenced litigation against Weiss and Saltzman in the Circuit Court of Cook County, Chancery Division, Case No.

2011 CH 41529 (the "Subject Suit"). (A true and correct copy of the currently pending First Amended Verified Complaint is attached hereto as Exhibit "K" and made a part hereof.)

### III. CLAIMS

### COUNT I
### (CIVIL CONSPIRACY TO COMMIT FRAUD)

29. Freed repeats and realleges the allegations contained in Paragraphs 1 through 28 of the First Amended Complaint as Paragraph 29 of the First Amended Complaint as though they were pled herein.

30. The actions of Chase Bank alleged herein were intended to assist Weiss and Saltzman in the perpetration of the fraud alleged herein.

31. The actions alleged herein had the effect of assisting Weiss and Saltzman in the perpetration of the fraud alleged herein.

32. As a result of the conduct of Chase Bank alleged herein, Freed was damaged in an amount currently believed to be $2,000,000, or more.

WHEREFORE, Plaintiffs, Eric D. Freed and Freed & Weiss LLC, respectfully request that this Court enter judgment in their favor and against Defendant, JPMorgan Chase Bank, N.A.., in the amount of $2,000,000 or more, plus punitive damages in an amount to punish and deter Defendant from engaging in such misconduct in the future, prejudgment interest and costs, and whatever other and further relief that this Court deems necessary and appropriate under the circumstances.

Respectfully submitted,

ERIC D. FREED,
Plaintiff

By: /s/ Daniel J. Voelker
      One of His Attorneys

Daniel J. Voelker, Esq.
Jeffrey L. Dorman, Esq.
Tricia L. Putzy, Esq.
VOELKER LITIGATION GROUP
311 W. Superior, Suite 500
Chicago, Illinois 60654
T: (312) 870-5430
F: (312) 870-5431
dvoelker@voelkerlitigationgroup.com
ARDC No. 6189578

        **FREED & WEISS LLC,**
        Plaintiff


        By: /s/ Randall B. Gold
            One of Its Attorneys

Randall B. Gold, Esq.
FOX & FOX, S.C.
105 W. Madison St., Suite 2200
Chicago, IL 60602
T: (312) 602-3202
F: (608) 258-9105
rgoldlaw@aol.com
ARDC No. 6190918

Dated: April 17, 2012